UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

WILLIAM "OMAR" MCCOY, )
)
    Petitioner, ) Civil No. 10-73-GFVT
)
v. )
)
ERIC D. WILSON, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner William "Omar" McCoy is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. McCoy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition,[1] the Court must deny relief because McCoy may not challenge the validity of his sentence in a Section 2241 petition, and because the Bureau of Prisons correctly determined that his 240-month "new law" sentence could not commence before McCoy completed service of his pre-existing ninety-year "old law" sentence.

## I.

McCoy indicates that, while incarcerated in federal prison, he was found "[in] possession

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once the review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or it may make such other disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

of a small amount of cocaine." [R. 2 Exh. 1 at 1.] That discovery led to his indictment on June 23, 1998, on nine counts of trafficking in illegal narcotics in the Northern District of Georgia. After a three-day trial in November of 1998, a jury found McCoy guilty on all but one count. On January 13, 1999, the trial court sentenced McCoy to a cumulative 240-month term of incarceration, to be served consecutively to McCoy's undischarged ninety-year federal prison term. McCoy's conviction and sentence were affirmed on direct appeal to the Eleventh Circuit, and the trial court denied McCoy's subsequent motion for relief under 28 U.S.C. § 2255. *United States v. McCoy*, No. 1:98-CR-229-01-TWT (N.D. Ga. 1998).

In May 2007, the United States Parole Commission granted McCoy parole from his extant ninety-year federal sentence. The BOP then commenced the running of McCoy's 1999 sentence, a decision that McCoy challenged through the BOP's Inmate Grievance Program. In response to his request for administrative remedy, the BOP's Central Office responded:

> A review of your record reveals you were serving a 90 year aggregate "old law", parolable sentence in case numbers 78-44-CR-3, B-78-0280, K-79-1085, CR 80-134-A, 83-30001-02 and CR 83-40005-02, when you were sentenced to a 240 month "new law" non-parolable sentence, in case number 1:98cr229-01-TWT.
>
> On January 13, 1999, the United States District Court, Northern District of Georgia, case number 1:98cr229-01-TWT, sentenced you to 240 months and ordered the sentence to run consecutively to the 10 year sentence imposed on July 19, 1983, in the United States District Court, Southern District of Illinois, case number CR 83-40005-02.
>
> Bureau of Prisons Program Statement 5880.28, titled <u>Multiple Sentences of Imprisonment</u>, states "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." All sentences shall be computed in accordance with the sentencing laws in effect at the time of the completion of the offenses. **If a sentence is ordered to be served consecutively to a sentence with which it cannot be aggregated, then the consecutive sentence shall not commence until released from the preceding sentence.**
>
> Therefore, the 240 month sentence could not commence until you released from the

> 90 year aggregate sentence. You paroled from the 90 year aggregate sentence on May 9, 2007, the date the 240 months sentence commenced. Your sentence computation has been computed correctly.

[R. 2, Att. B at 2 (emphasis added).]

In his petition, McCoy argues that (1) the sentencing judge abused his discretion by directing that the 1999 sentence run consecutively to his pre-existing ninety-year term, and (2) because his 1999 drug conviction is a "new law" sentence, it should have commenced upon sentencing because his prior conviction was an "old law" sentence.[2] [R. 2, Exh. 1 at 2.]

## II.

McCoy has named "Harvey Lapkin," the Director of the BOP,[3] Eric Holder, the Attorney General of the United States, and Warden Eric D. Wilson as respondents in this proceeding. The only proper respondent to a petition for a writ of habeas corpus, however, is the person with immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. §2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court will dismiss "Harvey Lapkin" and Eric Holder as respondents in this proceeding.

McCoy's challenge to the appropriateness of the sentencing judge's decision to impose a consecutive, rather than concurrent, sentence may not be pursued in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A Section 2241 petition may only be used to challenge the manner in which prison authorities are carrying out a sentence or their calculation of its duration; a collateral attack on the validity of a federal sentence must be pursued under 28

---

[2] Crimes committed before November 1, 1987, the effective date of the Sentencing Reform Act, such as McCoy's convictions from 1978 to 1983, are considered "old law" sentences. Crimes committed after that date, such as McCoy's 1999 conviction, are "new law" sentences.

[3] The Director of the Bureau of Prisons is Harley Lappin.

U.S.C. § 2255. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id*. at 452. McCoy's assertion that the sentencing judge abused his discretion in choosing to run his 1999 sentence consecutively is therefore not cognizable in this proceeding and will be denied. *United States v. Carr*, No. CR-06-248-15-L, 2008 WL 918721, at *1-2 (W.D. Okl. Apr. 1, 2008) (challenge to sentencing court's imposition of consecutive sentences is a challenge to validity of a sentence rather than its execution, and thus falls within scope of Section 2255 rather than 2241); *Garrison v. United States*, No. CIV-08-1304-M, 2009 WL 2163532, at *3-4 (W.D. Okla. July 10, 2009).

The BOP determined that McCoy's 240-month "new law" sentence could not commence until the completion of his ninety-year "old law" sentence because it does not aggregate "old law" and "new law" sentences. It refuses to aggregate sentences under the two sentencing structures notwithstanding the express terms of 18 U.S.C. § 3584(a), which states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

The BOP's approach has recently been upheld in a case presenting functionally identical facts and claims. In *King v. Schultz*, No. 08-2850 (NLH), 2009 WL 2905447 (D.N.J. Sept. 4, 2009), the petitioner was in federal custody serving a fifty-year "old law" sentence when a 96-month "new law" sentence was imposed and expressly ordered to run consecutively to the pre-existing "old law" sentence. Schultz argued that, because he was in federal custody on the date the second sentence was imposed, it should have commenced immediately and/or have been aggregated into a cumulative single term. *Id*. at *3.

The district court rejected both arguments. First, commencing the second sentence

immediately would violate not only the express terms of the criminal judgment, which directed that the sentence imposed should run consecutively to the as-yet uncompleted first sentence, *id*. at *3, but would also ignore 18 U.S.C. § 3584(a)'s requirement that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

Second, while 18 U.S.C. § 3584(c) requires "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently [to] be treated for administrative purposes as a single, aggregate term of imprisonment," by interpretive rule the BOP has determined this statutory requirement should not be applied to aggregate an "old law" sentence with a "new law" sentence. Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, pp. 1-5. The BOP has concluded that the statute is ambiguous with respect to whether it should apply under such circumstances because good time credits earned under each of the two sentencing regimes do so using substantially disparate formulas, a conclusion the district court found was not an abuse of discretion. *Id*. On appeal the Third Circuit noted that the BOP's Program Statements are entitled to "some deference" as interpretive rules under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984), and upheld the BOP's approach as reasonable. *King v. Schultz*, No. 09-3739, 2010 WL 4487210, at *2-3 (3d Cir. Nov. 10, 2010).

The Court concurs with the reasoning of the Third Circuit, and finds that the BOP's decision not to aggregate McCoy's "old law" sentence with his "new law" sentence is both a reasonable implementation of Section 3584(c) and a faithful execution of the Georgia federal court's express direction that McCoy's 240-month sentence run consecutively to his outstanding "old law" sentence. *See Sess v. United States*, No. 09-4762(RBK), 2010 WL 2802249, at *2 (D.N.J. July 15, 2010) ("If a 'new law' sentence is to be served consecutively to an 'old law'

sentence, the 'new law' sentence acts as a detainer until the inmate is released on the 'old law' sentence.") The BOP therefore properly calculated McCoy's sentence by commencing his 240-month "new law" sentence on the date the Parole Commission granted McCoy parole from his "old law" sentence.

Accordingly, **IT IS ORDERED** that:

1. "Harvey Lapkin," the Director of the Bureau of Prisons, and Eric Holder, Attorney General of the United States, are **DISMISSED** as respondents herein.

2. McCoy's petition for a writ of habeas corpus [R. 2] is **DENIED**.

3. The Court will enter an appropriate judgment.

This the 12th day of April, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge